# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 14-20791-Civ-COOKE/TORRES

LORETTA PENA VASQUEZ,

     Plaintiff,

vs.

MAYA PUBLISHING GROUP, LLC, a Florida
limited liability company d/b/a TV NOTAS, and
GRUPO EDITORIAL NOTMUSA, S.A. de C.V.,

     Defendants.

_____/

## ORDER DENYING DEFENDANT GRUPO'S MOTION TO DISMISS

Plaintiff Loretta Pena Vasquez ("Plaintiff" or "Ms. Pena Vasquez") filed her Amended Complaint on November 24, 2014, re-alleging claims of defamation, libel, and slander against Defendants Maya Publishing Group, LLC d/b/a TV Notas ("Maya") and Grupo Editorial Notmusa, S.A de C.V. ("Grupo") (ECF No. 55).  In response, Grupo filed a Motion to Dismiss First Amended Complaint (ECF No. 56).  Plaintiff filed her Response to Defendant Grupo Editorial Notmusa, S.A. de C.V.'s Motion to Dismiss the First Amended Complaint (ECF No. 61), to which Grupo filed its Reply Memorandum in Support of Motion to Dismiss First Amended Complaint (ECF No. 62).  Therefore, Grupo's Motion to Dismiss is fully briefed and ripe for adjudication.  I have reviewed Grupo's Motion to Dismiss, the Response and Reply thereto, the record, and the relevant legal authorities.  For the reasons provided herein, Defendant Grupo's Motion to Dismiss is denied.

## I.     BACKGROUND[1]

In her Amended Complaint, Plaintiff alleges four counts against Defendants: defamation (on its face), defamation (innuendo), libel, and slander.  *See generally* Pl.'s Compl.  Plaintiff is a citizen and resident of California, Defendant Grupo is a Mexican

---

[1] The pertinent facts are more fully set forth in my Omnibus Order Granting in Part and Denying in Part Defendants' Motion to Dismiss (ECF No. 52).

company, and Defendant Maya is a Florida limited liability company with offices in Miami Dade County.

On November 10, 2014 I granted in part and denied in part Defendants' Motions to Dismiss (ECF No. 52). Plaintiff was afforded leave to amend her Complaint, and did so on November 24, 2014 (ECF No. 55). Grupo then filed the instant Motion to Dismiss, seeking dismissal of Plaintiff's Amended Complaint on three grounds: (1) Plaintiff fails to establish that Grupo is subject to personal jurisdiction in Florida; (2) application of Florida's long-arm statute under these circumstances would be an unconstitutional violation of minimum contacts; and (3) Plaintiff failed to provide pre-suit notice to Grupo as required by Florida Statute § 770.01. *See generally* Def.'s Mot. Dismiss.

## II.     LEGAL STANDARD

Motions to dismiss for lack of personal jurisdiction are governed by Federal Rule of Civil Procedure 12(b)(2). "A court must dismiss an action against a defendant over which it has no personal jurisdiction." *Verizon Trademark Servs., LLC v. Producers, Inc.*, 810 F. Supp. 2d 1321, 1323-24 (M.D. Fla. 2011). In order to withstand a motion to dismiss, a plaintiff must plead sufficient facts to establish a prima facie case of jurisdiction over the non-resident defendant. *Virgin Health Corp. v. Virgin Enters. Ltd.*, 393 F. App'x 623, 625 (11th Cir. 2010). The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits. *See Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000). If the defendant is able to refute personal jurisdiction by sustaining its burden of challenging the plaintiff's allegations through affidavits or other competent evidence, the plaintiff must substantiate its jurisdictional allegations through affidavits, testimony, or other evidence of its own. *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000). The district court must construe all reasonable inferences in the light most favorable to the plaintiff when dealing with conflicting evidence. *See PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.*, 598 F.3d 802, 810 (11th Cir. 2010) ("If such inferences are sufficient to defeat a motion for judgment as a matter of law, the court must rule for the plaintiff, finding that jurisdiction exists."); *see also Consol. Dev. Corp.*, 216 F.3d at 1291.

### III.    ANALYSIS

#### A. PERSONAL JURISDICTION

Grupo contends that Plaintiff's Amended Complaint fails to establish a basis for this court to assert personal jurisdiction over it. Plaintiff's Amended Complaint asserts that this court has personal jurisdiction over Defendant Grupo because Defendant Grupo committed a tortious act within this state and because Defendant Grupo is "operating or carrying on a business in this state."  More specifically, Plaintiff states that "[a]pproximately forty (40) of [her] friends from Florida personally called her to give her moral support after they themselves watched the defamatory videos published by the Defendants on the Internet. Plaintiff's friends watched these defamatory videos in Florida."  Pl.s Am. Compl. 6.

Florida Statute § 48.193 provides the requisite acts that subject an individual to either specific or general personal jurisdiction in Florida:

> (1)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
> 1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
> 2. Committing a tortious act within this state.
>
> (2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

In *Goodyear Dunlop Tires Operations v. Brown*, the Supreme Court distinguished between general and specific jurisdiction over foreign corporations.  131 S.Ct. 2846, 2851 (2011). Assertions of jurisdiction over an out-of-state corporation must comply with traditional notions of fair play and substantial justice.  "A court may assert general jurisdiction over foreign corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State."  *Id*.  However, specific jurisdiction may be allowed where there is an "affiliatio[n] between the forum and the underlying controversy," or "an occurrence that takes place in the forum State and is therefore subject to the State's regulation."  *Id*.  This specific

jurisdiction is confined to issues that "arise out of" the controversy on which jurisdiction is established.

When determining whether personal jurisdiction exists over a defendant, courts generally partake in a two-step analysis. *Verizon Trademark Servs.*, 810 F. Supp. 2d at 1324. First, a court must determine whether the requirements of any applicable state long-arm statute is satisfied. *Future Tech. Today*, 218 F.3d at 1249; *see also Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1361 (11th Cir. 2006). Second, if the state's long-arm statute requirements are satisfied, the court must then consider "whether the exercise of jurisdiction over the defendant comports with the Constitution's requirements of due process and traditional notions of fair play and justice." *Verizon Trademark Servs.*, 810 F. Supp. 2d at 1324; *Sculptchair, Inc. v. Century Arts*, 94 F.3d 623, 626 (11th Cir. 1996).

In examining the first prong of this two-step analysis, decisions rendered by Florida state courts in cases where allegedly defamatory materials were posted online are illustrative. The Eleventh Circuit certified the question of whether posting allegedly defamatory stories and comments about a company with its principal place of business in Florida on a non-commercial website owned and operated by a nonresident with no other connections to Florida constitutes commission of a tortious act within Florida to the Florida Supreme Court for guidance and subsequently recognized that: 1) Florida's long-arm statute permits the exercise of jurisdiction over tortious acts committed within the state; 2) the defendant need not be present in Florida for the tortious act to have occurred in Florida; and 3) electronic communications posted on a website could subject persons to jurisdiction under the long-arm statute, provided that the cause of action arises out of those communications. *See Internet Solutions Corp. v. Marshall*, 611 F.3d 1368, 1370 (11th Cir. 2010). In the companion Florida Supreme Court case, the Florida Supreme Court spoke directly to defamatory Internet postings and when those communications are effectively communicated "into" Florida:

> We conclude that allegedly defamatory material about a Florida resident placed on the Web and accessible in Florida constitutes an "electronic communication into Florida" when the material is accessed (or "published") in Florida. In the context of the World Wide Web, given its pervasiveness, an alleged tortfeasor who posts allegedly defamatory material on a website has intentionally made the material almost instantly available everywhere the material is accessible. By posting allegedly defamatory material on the Web

4

about a Florida resident, the poster has directed the communication about a Florida resident to readers worldwide, including potential readers within Florida. When the posting is then accessed by a third party in Florida, the material has been "published" in Florida and the poster has communicated the material "into" Florida, thereby committing the tortious act of defamation within Florida. This interpretation is consistent with the approach taken regarding other forms of communication. *Internet Solutions Corp. v. Marshall*, 39 So. 2d 1201, 1214-15 (Fla. 2010).

Plaintiff's amended complaint alleges that not only was she able to access the allegedly defamatory material online in California, but her family and friends were able to access the materials in Florida. Because third parties accessed the material, Florida law is clear that the material has been "published" and "communicated into" Florida, which thereby constitutes the commission of a tort in Florida.

The second step in the personal jurisdiction analysis requires that the exercise of personal jurisdiction over a defendant comport with constitutional requirements of due process and traditional notions of fair play and justice. A court can exercise personal jurisdiction over a foreign corporation only if that foreign corporation maintains "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Wendt v. Horowitz*, 822 So. 2d 1252, 1257 (Fla. 2002). However, physical presence is not necessary to satisfy constitutionally mandated minimum contacts requirements. In *Burger King v. Rudzewicz*, the Supreme Court made clear that:

> [I]t is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business is conducted. So long as a commercial actor's efforts are "purposefully directed" toward residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there. 471 U.S. 462, 471 (1985).

Courts have further clarified what it means when the law requires that a defendant's efforts be "purposefully directed" towards residents of a state. Purposeful availment requires that "there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). "[I]ntentional torts are such acts, and may support the exercise of personal jurisdiction over the nonresident defendant who has no

5

other contacts with the forum." *Licciardello v. Lovelady*, 544 F.3d 1280, 1285 (11th Cir. 2008).  In *Ziegler v. Indian River Cnty.*, the Ninth Circuit noted:

> We apply different purposeful availment tests to contract and tort cases…Consistent with the Supreme Court's holding in *Burger King*, merely contracting with a resident of the forum state is insufficient to confer specific jurisdiction over a nonresident.  In tort cases, however, jurisdiction may attach if an out-of-forum defendant merely engages in conduct aimed at, and having effect in, the situs state.  64 F.3d 470, 473 (9th Cir. 1995) (internal citations omitted).

Mexican Defendant, Grupo, is one of the largest publishing companies in Latin America.  Further, Defendant Grupo is a subsidiary of Defendant Maya, which has served the Latin American market in the United States since 2000.  It is not a stretch of the imagination to say that Defendant Grupo relies heavily on communities in the United States that have large Hispanic populations, such as Miami, Florida, for support.  Therefore, it would be inapposite to allow Defendant Grupo to deny that it purposefully directs its activities towards and benefits from its activities in regions with large Hispanic populations such as Florida.

Additionally, "where a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King*, 471 U.S. at 477.  These considerations include "the burden on the defendant of litigating in the forum, the forum's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief and the judicial system's interest in resolving the dispute." *Licciardello*, 544 F.3d at 1284.  Defendant Grupo has not raised any such arguments to jurisdiction in its briefings.  However, considering Defendant Grupo is headquartered in Mexico and its attorney is located in Coral Gables, Florida, litigating these issues in Miami should not amount to a substantial hardship as to make jurisdiction over Defendant Grupo unconstitutional.

Overall, Plaintiff has alleged contacts sufficient to justify this Court's exercise of personal jurisdiction over Defendant Grupo on the basis of Grupo's tortious activities.  Defendants published allegedly defamatory material regarding Plaintiff, such material was accessed by Plaintiff's friends and family in Florida, and Defendants purposefully availed themselves of and benefited from the large Hispanic population in Florida.  Therefore,

Plaintiff has plead facts that comport both with the requirements of Florida's long-arm statute as well as with federal due process.  As a result, I will not address Defendant Grupo's objections to general jurisdiction raised in its Motion to Dismiss.

## B. PRE-SUIT NOTICE

Defendant Grupo's Motion to Dismiss also argues that, even if otherwise sufficient, Plaintiff's Amended Complaint must be dismissed because of Plaintiff's failure to comply with the pre-suit notice requirement laid out in Florida Statute § 770.01.  Florida Statute § 770.01 provides the procedure to be followed before a plaintiff can file an action for libel or slander:

> Before any civil action is brought for publication or broadcast, in a newspaper, periodical, or other medium, of a libel or slander, the plaintiff shall, at least 5 days before instituting such action, serve notice in writing on the defendant, specifying the article or broadcast and the statements therein which he or she alleges to be false and defamatory.

While Defendant Grupo is technically correct that Plaintiff failed to provide it with pre-suit notice, Defendant Grupo did respond, in a letter dated June 15, 2015, to the pre-suit notice mailed to Defendant Maya:

> Undersigned represents Grupo Notmusa, S.A de C.V. ("Notmusa" or "Client"), a corporation organized under the laws of Mexico.  My Client has become aware of you client's, Loretta Pena-Vasquez, request for a retraction to the information published in its TV Notas magazine.  Without admitting fault or liability, and in an abundance or caution, please be advised that Notmusa has published a retraction in its June 12, 2013 TV Notas Issue No. 811.  I hope the foregoing puts the matter to rest.  *See* ECF 61-1.

In an attempt to balance the public's interest in the free dissemination of news, Section 770.01's pre-suit notice "was enacted not only to ensure that newspapers and periodicals would be relieved, under the circumstances therein enumerated, of punitive damages, but also to afford to newspapers and periodicals an opportunity *in every case* to make a full and fair retraction in mitigation of the damages which a person may have suffered by reason of the publication."  *Ross v. Gore*, 48 So. 2d 412, 415 (Fla. 1950).  Because Defendant Grupo responded to the pre-suit notice mailed to Defendant Maya, it effectively waived any objection it may have had regarding Plaintiff's failure to directly serve it with pre-suit notice.

## IV.   CONCLUSION

For the reasons stated herein, Defendant Grupo Editorial Notmusa, S.A. de C.V.'s Motion to Dismiss First Amended Complaint (ECF No. 56) is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, this 8th day of May 2015.

_Marcia G. Cooke_
MARCIA G. COOKE
United States District Judge

Copies furnished to:
_Edwin G. Torres, U.S. Magistrate Judge_
_Counsel of Record_