# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-20791-CIV-COOKE/TORRES

LORETTA PENA-VASQUEZ,

    Plaintiff,

vs.

MAYA PUBLISHING GROUP, LLC, a
Florida limited liability company
d/b/a TV NOTAS, and GRUPO
EDITORIAL NOTMUSA, S.A. de C.V.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on the Motion to Strike Defendant's Second and Fifth Affirmative Defenses to Plaintiff's First Amended Complaint [D.E. 80].[1] Grupo Editorial Notmusa, S.A. de C.V. ("Grupo") contends, *inter alia*, that this Court lacks personal jurisdiction (second affirmative defense) and that Plaintiff failed to satisfy conditions precedent by not providing pre-suit notice or a demand for retraction (fifth affirmative defense) as required by Florida Statute § 770.01. [D.E. 79 at 4, 5].[2]

---

[1] This Matter was referred to the undersigned Magistrate Judge by the Honorable Marcia G. Cooke. [D.E. 11].

[2] Although Plaintiff's Complaint was filed against both Grupo and Maya Publishing Group, LLC ("Maya"), this Order addresses only Defendant Grupo's second and fifth affirmative defenses.

## I. BACKGROUND

Plaintiff filed a four-count amended complaint against Grupo and Maya: Count I defamation (on its face), Count II defamation (innuendo), Count III libel, and Count IV slander. [D.E. 55 ]. Plaintiff is a citizen of California. *Id.* at 2. Grupo is a Mexican corporation that publishes online articles about Mexican celebrities. [D.E.7-1 at 1, 2]. These articles are "sometimes republished in magazine form" in TV NOTAS, a print publication in Mexico. *Id.* at 2.

Plaintiff contends she was defamed on or about March 6, 2012 by Grupo's publication of a video and accompanying photos on tvnotas.com.mx. [D.E. 55 at 3, 4]. The allegedly defamatory video and photos, which were taken of Mexican celebrity, Cristian Castro, and Plaintiff in Beverley Hills, California, characterize Plaintiff as a transvestite. *Id.* at 3, 4. Plaintiff also asserts the video described her as a man dressing as a woman who was engaging in a homosexual or transsexual relationship with Castro. *Id.* at 4. Plaintiff maintains she was an attorney in Peru, as well as a paralegal, and that Grupo's publication harmed her personal and professional reputation. *Id.* at 11. Furthermore, Plaintiff claims the online publication was seen by approximately 40 of her friends in Florida and by approximately 100 friends, family members, and coworkers in California. *Id.* at 6.

Grupo's motion to dismiss Plaintiff's amended complaint [D.E. 56] was denied on May 8, 2015. [D.E. 77]. In that motion, Grupo argued the amended complaint should be dismissed due to a lack of personal jurisdiction and Plaintiff's failure to provide pre-

suit notice pursuant to Florida Statute § 770.01 prior to filing her complaint. [D.E. 56 at 2].

The Court held Grupo's conduct sufficed under Florida's long-arm statute because "1) Florida's long-arm statute permits the exercise of jurisdiction over tortious acts committed within the state; 2) the defendant need not be present in Florida for the tortious acts committed within the state; 3) electronic communications posted on a website could subject persons to jurisdiction under the long-arm statute, provided that the cause of action arises out of those communications." *Id.* at 4. More specifically, the material was "'communicated into' Florida" by way of posting on the Internet. *See Internet Sols. Corp. v. Marshall*, 611 F.3d 1368, 1370 (11th Cir. 2010). [D.E. at 5].

The Court also held that Grupo's conduct amounted to sufficient "minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Wendt v. Horowitz*, 822 So. 2d 1252, 1257 (Fla. 2002). [D.E. at 5]. It also consisted of purposeful availment, which requires "there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). [D.E. at 5]. Thus, posting content which Floridians did in fact access "constitute[d] the commission of a tort in Florida." [D.E. 77 at 5]. Therefore, personal jurisdiction was proper because Plaintiff's "family and friends were able to access the material in Florida." *Id.*

Grupo's motion to dismiss with respect to its claim it did not receive pre-suit notice was equally insufficient. This insufficiency, however, was one rooted in fact, not

in law. In its motion to dismiss, Grupo asserted it effectively did not receive pre-suit notice because the notice was addressed to its co-defendant, Maya. [D.E. 56 at 15]. The Court held this argument was inapposite because Grupo responded to the notice even though it was mailed to Maya, "effectively waiv[ing] any objection it may have had regarding Plaintiff's failure to directly serve it with pre-suit notice." [D.E. 77 at 7]. Florida Statute § 770.01 provides the procedure that must be followed prior to the filing of a suit for libel or slander:

> Before any civil action is brought for publication or broadcast, in a newspaper, periodical, or other medium, of a libel or slander, the plaintiff shall, at least 5 days before instituting such action, serve notice in writing on the defendant, specifying the article or broadcast and the statements therein which he or she alleges to be false and defamatory.

Moreover, Section 770.01's pre-suit notice "was enacted not only to ensure that newspapers and periodicals would be relieved, under the circumstances therein enumerated, of punitive damages, but also to afford to newspapers and periodicals an opportunity in every case to make a full and fair retraction in mitigation of the damages which a person may have suffered by reason of the publication." *Ross v. Gore*, 48 So. 2d 412, 415 (Fla. 1950). Thus, the Court held Grupo's June 15, 2012 letter stating a retraction of the allegedly defamatory had been made, was sufficient to plead that Grupo was on notice as required by Section 770.01. [D.E. 77 at 7].

## II.    ANALYSIS

"An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matter." *Pujals ex rel. El Rey de los Habanos, Inc. v. Garcia*, 777 F. Supp. 2d 1322, 1327 (S.D.

Fla. 2011) (internal citations omitted). Federal Rule of Civil Procedure 12(f) allows "[t]he court [to] strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed R. Civ. P. 12(f). However, "[t]he striking of affirmative defenses is a 'drastic remedy' generally disfavored by courts." *Pujals*, 777 F. Supp. 2d at 1327-28 (citing *Augustus v. Bd. of Pub. Instruction of Escambia Cty.*, 306 F.2d 862, 868 (5th Cir. 1962)).

Plaintiff maintains Grupo's second and fifth affirmative defenses are redundant [D.E. 80 at 4] because the Court denied these same defenses in its order denying Grupo's motion to dismiss . [D.E. 77 at 7]. Indeed, the Court previously held personal jurisdiction over Grupo is proper and that Grupo was effectively on notice of Plaintiff's belief she had been defamed by its publication. *Id.* Nonetheless, Plaintiff's motion to strike Grupo's second and fifth affirmative defenses should be denied because "[m]otions to strike are usually denied 'unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" *Agan v. Katzman & Korr, P.A.*, 328 F. Supp. 2d 1363, 1367 (S.D. Fla. 2004) (citing *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d. 1345, 1348 (M.D. Fla. 2002)). In this case, neither party has shown it will be prejudiced should Plaintiff's motion be denied.

Although the Court concluded Grupo's motion to dismiss was insufficient to overcome Plaintiff's *prima facie* case of personal jurisdiction and pre-suit notice (as required under a motion to dismiss standard), its indistinguishable second and fifth affirmative defenses should not be stricken because of their nature as such. A plaintiff need only make a *prima facie* case of jurisdiction over a nonresident defendant to

withstand a motion to dismiss. *See Virgin Health Corp. v. Virgin Enters. Ltd.*, 393 F. App'x 623, 625 (11th Cir. 2010). Contested jurisdictional issues, however, may have to be proven by a preponderance of the evidence at trial. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 399 (5th Cir. 2009).

"Where . . . a defense is legally sufficient on its face and presents a bona fide issue of fact, it is improper to grant a motion to strike." *Gonzalez v. NAFH Nat'l Bank*, 93 So. 3d 1054, 1057 (Fla. 3d DCA 2012) (internal citations omitted). "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Exhibit Icons, LLC v. XP Co., LLC*, 608 F. Supp. 2d. 1282, 1300 (S.D. Fla. 2009) (citing *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002)). Furthermore, "[a]n affirmative defense may not be stricken 'merely because it appears to a judge that the defendant may be unable to produce evidence at trial to sustain such a defense.'"*Gonzalez*, 93 So. 3d at 1057 (citing *Bay Colony Office Bldg. Joint Venture v. Wachovia Mortgage Co.*, 342 So. 2d 1005, 1006 (Fla. 4th DCA 1977)). Because of the differing burdens of proof with respect to motions to dismiss and affirmative defenses, as well as the dispute as to whether pre-suit notice on Maya constituted pre-suit notice on Grupo, Plaintiff's motion should be denied.

### III.   CONCLUSION & RECOMMENDATION

For the foregoing reasons, it is hereby **RECOMMENDED** as follows:

1.   Plaintiff's Motion to Strike Defendant's Second and Fifth Affirmative Defenses to Plaintiff's First Amended Complaint [D.E. 80] should be **DENIED**.

2. Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable Marcia G. Cooke, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of any finding in this Report and Recommendation and bar the parties from attacking on appeal the findings contained herein. *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Duggar*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 19th day of August, 2015.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge