UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-20791-Civ-COOKE/TORRES

LORETTA PENA VASQUEZ,

    Plaintiff,

vs.

MAYA PUBLISHING GROUP, LLC, a Florida
limited liability company d/b/a TV NOTAS, and
GRUPO EDITORIAL NOTMUSA, S.A. de CV,

    Defendants.

_____/

### ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SECOND AND FIFTH AFFIRMATIVE DEFENSES

THIS MATTER is before me on Plaintiff's Motion to Strike Defendant's Second and Fifth Affirmative Defenses to Plaintiff's First Amended Complaint ("Motion to Strike Affirmative Defenses") (ECF No. 80). This matter was referred to Magistrate Judge Torres for a report and recommendation pursuant to my Order Referring Case to Magistrate Judge (ECF No. 11). Judge Torres issued his Report and Recommendation (ECF No. 87) on August 19, 2015, recommending that Plaintiff's Motion to Strike Affirmative Defenses be denied. Plaintiff filed her Objections to Magistrate Judge's Report and Recommendation ("Objections") (ECF No. 88) on September 2, 2015.

I have reviewed this matter *de novo*, including Plaintiff's Motion to Strike Affirmative Defenses, the Response and Reply thereto, Judge Torres' Report and Recommendation, Plaintiff's Objections, the record, and the relevant legal authorities. For the reasons explained below, I decline to adopt Magistrate Judge Torres' Report and Recommendation, and instead find that Plaintiff's Motion to Strike Affirmative Defenses should be granted.

**I. LEGAL STANDARD[1]**

An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence.

---

[1] For a description of the facts of this case, see Judge Torres' Report and Recommendation (ECF No. 87).

*Wright v. Southland Corp.*, 187 F.3d 1287 (11th Cir.1999).  "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f).  Affirmative defenses in an answer must provide a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  While Rule 8 does not require that a defendant set forth his defense with particularity, the defendant must plead enough facts to state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553 (2007).

When considering a motion to strike affirmative defenses, the court must look at whether the defense is legally sufficient to provide "fair notice" of the nature of the defense. "An affirmative defense will only be stricken . . . if the defense is 'insufficient as a matter of law.'" *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002) (quoting *Anchor Hocking Corp. v. Jacksonville Elec. Auth.,* 419 F.Supp. 992, 1000 (M.D.Fla.1976)).  An affirmative "defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Id.*  "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." *Reyher v. Trans World Airlines, Inc.,* 881 F. Supp. 574, 576 (M.D.Fla.1995).

## II.  DISCUSSION

Plaintiff seeks to strike Defendant Grupo Editorial Notmusa, S.A. de CV's ("Grupo") Second and Fifth Affirmative Defenses, lack of personal jurisdiction and failure to provide pre-suit notice respectively, as redundant.  More specifically, Plaintiff argues that the Court has already decided the issues raised by Grupo in its Second and Fifth Affirmative Defenses in its Order Denying Defendant Grupo's Motion to Dismiss (ECF No. 77), and therefore, Grupo's Second and Fifth Affirmative Defenses should be stricken as duplicative and patently frivolous.  In response, Grupo contends that since this Court failed to hold an evidentiary hearing in deciding Grupo's Motion to Dismiss, its ruling does not preclude Grupo from reasserting the issues of personal jurisdiction and pre-suit notice as defenses. More specifically, Grupo makes reference to the differing burdens of proof a Plaintiff must meet on a motion to dismiss versus at trial; prima facie versus preponderance of the evidence.

In reviewing the parties' arguments, Magistrate Judge Torres recommended that Plaintiff's Motion to Strike Affirmative Defenses be denied because "the striking of affirmative defenses is a drastic remedy generally disfavored by courts" and "motions to strike are usually denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Report and Recommendation, ECF No. 87 (internal quotation marks omitted). While I agree with Magistrate Judge Torres that the striking of affirmative defenses is generally disfavored, I find that it is the appropriate course of action in this situation.

My Order Denying Defendant Grupo's Motion to Dismiss (ECF No. 77) very clearly and thoroughly explained why this Court has personal jurisdiction over Grupo in this matter and why Grupo's arguments regarding its lack of pre-suit notice fail. Grupo contends that my previous Order is factually inaccurate insofar as it incorrectly found and relied upon a parent-subsidiary relationship between Grupo and its co-Defendant, Maya Publishing Group, LLC ("Maya") in asserting personal jurisdiction over Grupo. However, Grupo misapprehends my Order because the basis of this Court's jurisdiction over Grupo rests on Grupo's commission of a tort vis-à-vis its publication of allegedly defamatory material, not on Grupo's parent-subsidiary relationship with Maya. Grupo has failed to advance any arguments to contravene the exercise of personal jurisdiction over it as a result of its commission of a tort and, in fact, has admitted that it "published the article complained of on the internet." *See* Grupo's Mot. Dismiss First Am. Compl. 11. A review of the pleadings reveals no factual support for Grupo's assertion that this Court lacks personal jurisdiction over it and, therefore, Grupo's Second Affirmative Defense is stricken as duplicative and insufficient as a matter of law.

As to Grupo's Fifth Affirmative Defense, Plaintiff's alleged lack of pre-suit notice, Grupo's arguments fail as being both duplicative and frivolous. I have already addressed why Grupo's arguments regarding the lack of pre-suit notice clearly fail and Grupo has advanced no additional factual support in support of its argument. Grupo relies upon the same reasoning as above, namely that I incorrectly relied upon the parent-subsidiary relationship between Grupo and Maya in making my findings. However, once again, Grupo has misapprehended my previous ruling. While Plaintiff did not strictly comply with the dictates of Fla. Stat. § 770.01 in that Plaintiff failed to separately serve written notice on

Grupo before filing suit, Defendant Grupo responded to the letter mailed to its co-Defendant Maya. Therefore, Grupo effectively received the requisite pre-suit notice, and has failed to point to any facts in the record to indicate otherwise. Thus, I find Defendant Grupo's Fifth Affirmative Defense to be duplicative of arguments already advanced and rejected, as well as patently frivolous because there does not exist any set of facts to support Grupo's position that it did not receive pre-suit notice in this matter.

### III. CONCLUSION

For the reasons explained above, it is hereby **ORDERED and ADJUDGED** as follows:

1. Magistrate Judge Torres' Report and Recommendation (ECF No. 87) is **NOT ADOPTED**.
2. Plaintiff's Motion to Strike Defendant's Second and Fifth Affirmative Defenses to Plaintiff's First Amended Complaint (ECF No. 80) is **GRANTED**.
3. Defendant Grupo's Second and Fifth Affirmative Defenses are hereby **STRICKEN**.

**DONE and ORDERED** in chambers, at Miami, Florida, this 14th day of September 2015.

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*

5